UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEVIN LEWIS and
FELISA LEWIS,

      Plaintiff,

                           CASE NO.: 8:22-cv-0130-KKM-AAS

v.

MCCABE LAW GROUP, P.A.,

      Defendant.

_____ /

## FIRST AMENDED COMPLAINT FOR DAMAGES
## AND DEMAND FOR A JURY TRIAL

Pursuant to the Order of the Court dated January 18, 2022 (D.E. 4), the Plaintiffs, KEVIN LEWIS and FELISA LEWIS (hereinafter "Plaintiffs" or the "Lewis"), are individuals, and files this as their First Amended Complaint against the Defendant, MCCABE LAW GROUP, P.A. (hereinafter "McCabe" or "Defendant") and alleges:

1.      The Plaintiffs, KEVIN LEWIS and FELISA LEWIS, brings this action for the illegal practices of the Defendant MCCABE LAW GROUP, P.A including attempting to collect stale debt; falsely representing the amount of debt owed; and the use of false or deceptive practices in attempting to collect an alleged debt. Plaintiffs allege that the Defendant, MCCABE LAW GROUP, P.A. has violated the

1

Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. The Plaintiffs request the practices of MCCABE LAW GROUP, P.A. described below be declared to violate the Fair Debt Collection Practices Act.

## JURISIDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. §133l and 15 U.S.C. § l692k(d) (Fair Debt Collection Practices Act).

3.      Venue in this District is proper because the pertinent events took place here.

4.      Declaratory relief is requested pursuant to 28 U.S.C. §§2201 and 2202.

## PARTIES

5.      The Plaintiffs are individuals, sui juris, who resides in Polk County, Florida.

6.      The Plaintiffs are "consumers" as that term is defined by 15 U.S.C. § 1692a(3) and are persons with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act, to wit: the Plaintiffs have been subjected to the Defendant's false representations of its right to collect on an expired debt which led to the Plaintiffs being named as Defendant in a lien foreclosure action and breach of contract action.

7.      The Defendant, a Florida corporation, is a law firm whose principal

place of business is 110 Solana Road Suite 102 Ponte Verda Beach, FL 32082.

8.     McCabe is a "debt collector(s)" as that term is defined by 15 U.S.C. § 1692a(6), to wit: the Defendants used the mail in a business the principal purpose of which was to collect debt; regularly attempts to collect debts owed or due to another; or attempted to collect a debt that was already in default when it acquired the debt.

9.     McCabe is a "debt collector(s)" because the debt was in default when acquired by the Defendants. *See e.g. Scholosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003) ("[T]he Act treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee ... ").

10.     McCabe is collecting a debt on behalf of Association of Poinciana Villages, Inc.

## FACUTAL ALLEGATIONS

11.     The Lewis' are owners of real property located in Polk County, Florida.

12.     The Lewis' are the fee simple owner of the real property described as follows:

> Lot 6, Block 697, Poinciana Subdivision, Village 3, Neighborhood 5 North, as per plat thereof, recorded in Plat Book 54, Page 27, of the Public Records of Polk County, Florida. PARCEL IDENTIFICATION: 28-27-25-934060-069706
> PROPERTY ADDRESS: 612 Bittern Court, Poinciana, FL 34759

13.     The afore described real property owned by the Defendants are within the area defined by the Declaration as constituting the Association of Poinciana

3

Villages, Inc. ("the Association").

14.     By virtue of ownership of said property, Defendants are members of the Association and are bound by the terms of the Declaration, including the duty to pay yearly assessments to the Association.

15.     At some point in 2014, the Lewis' account was referred to collections even though the Lewis' were making equal installment payment pursuant to an agreement with the Association.

16.     McCabe began collection on homeowner's, like the Lewis', alleged past due assessments.

17.     From 2014 – 2021, the Lewis' requested that McCabe validate the debt and sent numerous letters to McCabe that went ignored. The Lewis' informed McCabe that always paid their assessments in monthly installments and that they never became delinquent as to incur interest, late fees, collections costs, and attorney's fees.

18.     McCabe never validated the alleged debt.

19.     On November 17, 2021, McCabe filed a lien foreclosure action and breach of contract action against Lewis' in county court in and for the Tenth Judicial Circuit for Polk County, Florida, to wit: Case No.: 2021 CC-005683. A copy of the lien foreclosure complaint ("the complaint") is attached hereto as Exhibit A.

20.     The complaint seeks a monetary judgment and a deficiency judgment

against the Lewis'.

21.     Paragraph 28 of the complaint alleges:

[The Lewis'] are delinquent in their financial obligations to the Association and the Association is, therefore, seeking judgment foreclosing the Claim of Lien.

22.     The "Wherefore" clause of the complaint requests that the court "determine the amount of money, including interest costs, and attorneys' fees which Plaintiff is entitled to recover in this action, and award Plaintiff all damages permissible by law."

23.     The complaint attaches a "claim of lien" for past assessments due from 1/1/2014, 1/1/2015, and 1/1, 2016, and 1/1/2017.

24.     The claim of lien, in its entirety, is invalid and unenforceable because it seeks assessments outside the five-year statute of limitations period. See § 95.11(2)(b) *Fla. Stat.* (2021).

25.     The debt collection complaint is silent as to the total accrued amount of assessments, interest, late fees, collection costs, and attorney's fees that is secured by claim of lien.

## COUNT I - ACTION FOR VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA") 15 U.S.C. 1692e(5)

26.     The Plaintiffs re-allege paragraphs 1 – 25 as if set forth fully.

27.     15 U.S.C. § 1692e provides that "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection

of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

28.    McCabe's debt collection complaint is false, misleading, or deceptive to least sophisticated consumers, like the Plaintiffs because the complaint threatens to foreclose on the Plaintiffs' home by attaching a claim of lien to the foreclosure complaint that seeks to collect money, interest, and attorneys' fees that fall outside of the statute of limitations.

29.    The claim of lien attached to the foreclosure complaint is a false and misleading representation of the amount of debt owed because it is being used to attempt to collect a debt that the Defendant is legally unable to collect.

30.    The Plaintiffs are confused as to how much they should pay to satisfy their obligation because the debt collection complaint attempts to collect debt that falls outside of the statute of limitations.

31.    McCabe's above-described conduct has caused the Lewis' to incur actual damages including but not limited to attorneys' fees paid to their counsel, anxiety, frustration, and worry.

32.    The Defendant's above-described conduct has caused the Lewis' to suffer the following additional injuries in fact: the Lewis' have been named as defendants in a lien foreclosure action in which the Defendant wrongfully attempts

to collect assessments, interests, costs, and attorney's fees outside of the five-year statute of limitations period as though the debt is still valid.

33.    The injuries in fact are fairly traceable to the challenged actions of the Defendant in that Defendant's debt collection complaint filed against the Lewis' threatens foreclosure of their property for non-payment of debt that falls outside the statute of limitations.

34.    Plaintiffs' injuries in fact are likely to be redressed by a favorable decision in this Court.

**WHEREFORE**, the Plaintiffs pray that:

A judgment be entered against the Defendant(s) for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) for each Plaintiff; an award of actual damages, and for an award of litigation costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); injunctive and declaratory relief regarding further collection attempts; and all other relief to which Plaintiffs are entitled.

**COUNT II - ACTION FOR VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA") 15 U.S.C. 1692f(1)**

35.    The Plaintiffs re-allege paragraphs 1 – 25 as if set forth fully.

36.    15 U.S.C. § 1692f(1) provides that A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this

section:

   (1)   The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

37.   McCabe's debt collection complaint is false, misleading, or deceptive to least sophisticated consumers, like the Plaintiffs because the debt collection complaint alleges that the Plaintiffs breached a contract based on non-payment of money, interest, and attorneys' fees that fall outside of the statute of limitations.

38.   The Plaintiffs are confused as to how much they should pay to satisfy their obligation because the debt collection complaint attempts to collect debt, interest, attorney's fees, and costs that fall outside of the statute of limitations and the Defendant's debt collection complaint does not differentiate which assessments it is seeking to collect.

39.   McCabe's above-described conduct has caused the Lewis' to incur actual damages including but not limited to attorneys' fees paid to their counsel, anxiety, frustration, and worry.

40.   The Defendant's above-described conduct has caused the Lewis' to suffer the following additional injuries in fact: the Lewis' have been named as defendants in a breach of contract action in which the Defendants wrongfully attempts to collect assessments, interests, costs, and attorney's fees outside of the five-year statute of limitations period as though the debt is still valid; and the Lewis'

8

have been deprived of truthful information concerning the debt

41.     The injuries in fact are fairly traceable to the challenged actions of the Defendant in that Defendant's breach of contract action filed against the Lewis seeks to collect money that is not expressly authorized by the agreement creating the debt or permitted by law.

42.     Plaintiffs' injuries in fact are likely to be redressed by a favorable decision in this Court.

**WHEREFORE**, the Plaintiffs pray that:

A judgment be entered against the Defendant(s) for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) for each Plaintiff; an award of actual damages, and for an award of litigation costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); injunctive and declaratory relief regarding further collection attempts; and all other relief to which Plaintiffs are entitled.

## COUNT III - ACTION FOR VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA") 15 U.S.C. 1692e(10)

43.     The Plaintiffs re-allege paragraphs 1 – 25 as if set forth fully.

44.     15 U.S.C. § 1692e (10) provides that "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

9

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt.

45. Florida law provides:

If after service of a summons on a complaint to foreclose a lien the parcel is not the subject of a mortgage foreclosure or a notice of tax certificate sale, the parcel owner is not a debtor in bankruptcy proceedings, or the trial of or trial docket for the lien foreclosure action is not set to begin within 30 days, the parcel owner may serve and file with the court a qualifying offer at any time before the entry of a foreclosure judgment. For purposes of this subsection, the term "qualifying offer" means a written offer to pay all amounts secured by the lien of the association plus amounts accruing during the pendency of the offer …

The parcel owner's filing of the qualifying offer with the court stays the foreclosure action for the period stated in the qualifying offer, … to permit the parcel owner to pay the qualifying offer to the association plus any amounts accruing during the pendency of the offer.

720.3085 (6) *Fla. Stat*. (2021).

46. McCabe's debt collection complaint is false, misleading, or deceptive to least sophisticated consumers, like the Plaintiffs, because it is confusing as to how much the Plaintiffs should pay to satisfy their obligation to exercise their statutory right to submit a qualifying offer pursuant to 720.3085 (6) *Fla. Stat*. (2021).

47. McCabe's actions were either intentional or grossly negligent as the Plaintiff's debt collection complaint fails to disclose to the Plaintiffs how much money they owe to satisfy their obligations.

48. McCabe's above-described conduct has caused the Lewis' to incur actual damages including but not limited to attorneys' fees paid to their counsel, anxiety, frustration, and worry.

10

49.     The Defendant's above-described conduct has caused the Lewis' to suffer the following additional injuries in fact: the Lewis' have been deprived of truthful information concerning the debt so that they may exercise their statutory right to submit a qualifying offer pursuant to 720.3085 (6) *Fla. Stat.* (2021).

50.     The injuries in fact are fairly traceable to the challenged actions of the Defendant in that Defendant failed to provide the Lewis' with an accurate itemization of amounts due as to past due assessments, interest, collection costs, and attorney's fees.

51.     Plaintiffs' injuries in fact are likely to be redressed by a favorable decision in this Court.

**WHEREFORE**, the Plaintiffs pray that:

A judgment be entered against the Defendant for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) for each Plaintiff; an award of actual damages, and for an award of litigation costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); injunctive and declaratory relief regarding further collection attempts; and all other relief to which Plaintiffs are entitled.

52.     Trial by Jury: Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable. U.S. Const. amend. 7; Fla R. Civ. P. 1.430.

53.     PLAINTIFF HEREBY DEMANDS TRIAL BY JURY THIS ACTION.

11

Dated this 20th day of January, 2022.

Respectfully submitted by,

/s/ *Jason Brian Phillips, Esq.*

_____

Jason Brian Phillips, Esq.
Florida Bar No: 89841
J. BRIAN PHILLIPS, P.A.
P.O. Box 621176
Orlando, FL 32862-1176
Tel. (407) 493-7183
jason@jbrianphillipsesq.com
TRIAL COUNSEL FOR THE PLAINTIFF